UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMARR FOWLER, | |
| Plaintiff, | 25-CV-1444 (RA) |
| v. | ORDER OF SERVICE |
| THE CITY OF NEW YORK, ET AL., | |
| Defendants. | |

RONNIE ABRAMS, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights. Named as Defendants are the City of New

York; the New York City Department of Correction ("DOC"); New York City Police Department

("NYPD") Officers Bilal Belmore and Peter Besse; NYPD Sergeant Jane Doe; and eleven John

Does, who are identified as either NYPD officers or DOC correction officers. By order dated

February 24, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The

Court is also, however "obligated to construe a *pro se* complaint liberally," *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret the pleadings to raise the "strongest [claims] that they

*suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

## DISCUSSION

### A.    Claims against the New York City Department of Correction

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). In light of Plaintiff's *pro se* status, the Court will construe Plaintiff's allegations against DOC as being asserted against the City of New York, which is also a named defendant in this action.

### B.    Waiver of service on City of New York

The Clerk of Court is respectfully directed to notify DOC and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

### C.    Service on Officers Belmore and Besse

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order service to be made by the marshal or another person appointed by the court if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Bilal Belmore (Shield # 004790) and Peter Besse (Shield #19892) through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served on these defendants within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.    *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the nine John Doe police officers and the one Jane Doe police officer, and for the DOC to identify the two John Doe correction officers. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD and DOC, must ascertain the identity and badge number of each John and Jane Doe

whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order either directing the U.S. Marshals to effect service or requesting that the defendants waive service.

**E.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Department of

Correction for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of

Correction and the New York City Law Department of this order. The Court requests that

Defendant City of New York waive service of summons.

The Clerk of Court is further instructed to issue summonses for Defendants Bilal

Belmore (Shield # 004790) and Peter Besse (Shield #19892), complete the USM-285 form with

the address for these defendants, and deliver all documents necessary to effect service to the U.S.

Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New

York City Law Department at: 100 Church Street, New York, NY 10007. An amended complaint

form is attached to this order.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 28, 2025
          New York, New York

Ronnie Abrams
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.     Officer Bilal Belmore
       Police Service Area 7
       737 Melrose Avenue
       Bronx, NY 10451

2.     Officer Peter Besse
       Central Booking
       215 East 161st Street
       Bronx, NY 10451