**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JAMARR FOWLER,

                Plaintiff,

        -against-

THE CITY OF NEW YORK et al.,

             Defendant.
------------------------------------------------------------------X

             **ORDER**

          **25-CV-1444 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

This Court was referred "[f]urther adjudication of the parties' submissions in response to the Court's <u>Valentin</u> order."[1] Dkt. No. 38. For the reasons stated below, the Court finds Defendants have substantially complied with the Court's <u>Valentin</u> Order.

On February 18, 2025, Plaintiff, proceeding *pro se*, filed the instant case against the City of New York, the New York City Department of Correction ("DOC"), New York Police Department ("NYPD") officers Belmore and Besse, Sergeant Jane Doe and eleven John Does, who are identified as either NYPD officers or DOC officers. Dkt. No. 1. On February 28, 2025, Judge Abrams dismissed the claims against DOC and construed Plaintiff's allegations against DOC as being asserted against the City of New York. Dkt. No. 6. The Court also issued a <u>Valentin</u> order, directing the New York City Law Department ("Law Department") to ascertain the identity and badge number of each John Doe and Jane Doe defendant and provide the address where each individual may be served within sixty days of the Order. <u>Id.</u>

---

[1] <u>Valentin v. Dinkins</u>, 121 F.3d 72, 76 (2d Cir. 1997).

A summary of the Law Department's efforts to identify all John Does and Jane

Doe is as follows:

- On April 25, 2025, the Law Department provided a partial response to the Valentin order that identified John Doe 1 and provided his service address to Plaintiff. Defendants requested additional time to continue to investigate and identify the remaining John Does and Jane Doe and requested the Court direct Plaintiff to provide any additional information that would assist the Law Department in identifying them. Dkt. No. 12. The Court granted the extension and directed Plaintiff to provide additional information. Dkt. No. 13.

- On May 28, 2025, Plaintiff filed a letter stating (1) John Does 2, 3, 4, 5, and 6 were booking officers that went inside the holding cell and physically assaulted Plaintiff on February 24, 2022 and that the incident was on video;(2) Jane Doe was the only female booking officer that assisted the male booking officers inside the cell; (3) John Doe 7 was the supervising Lieutenant on February 24, 2022; and (4) John Does 10 and 11 were detectives that "went to Riker's Island to retrieve the plaintiff on or about 3/3/22 from inside of the E.M.T.C building, where they had to sign into logbooks and the whole incident in the intake was video recorded..." Dkt. No. 18

- On July 14, 2025, the Law Department provided a second partial response that identified three possible individuals as John Does 8 and 9 and one individual as either John Doe 10 or 11. The Law Department requested more information from Plaintiff to assist in identifying John Does 8 and 9 and requested another extension to continue the investigation, which was granted by the Court. Dkt. Nos. 23 and 24.

- On August 4, 2025, Plaintiff filed a letter providing contact information for his former defense attorney at the Legal Aid Society to assist in identifying the outstanding John Does and Jane Doe. Regarding John Does 8 and 9 Plaintiff stated "one of the corrections officers was 6'4 black man and the other one was about under 6 ft and was either a white male or a light skinned latin male. The video footage from E.M.T.C.'s intake area clearly shows which officer is which." Dkt. No. 25.

- On August 13, 2025, the Law Department provided a third partial response indicating it was unable to identify any additional defendants and requested an extension to continue to investigate, which was granted. Dkt. Nos. 26 and 27.

- On September 11, 2025, the Law Department provided a fourth partial response that identified John Does 8 and 9, indicated that after further investigation it was unable to identify an additional officer as either John Doe 10 or 11 and has

exhausted its efforts to do so. The Law Department also requested another extension. Dkt. No. 31. The Court granted the extension. Dkt. No. 32.

- On October 14, 2025, the Law Department provided a fifth partial response that identified John Doe 2. Dkt. No. 34. The Law Department indicated it had obtained the February 24, 2022 central booking video, but the relevant arrest documents were sealed and therefore requested the Court direct Plaintiff to sign a § 160.50[2] release so the records could be accessed. Id. The Law Department also made another extension request. Id. The Court granted the requests. Dkt. No. 35.

- On December 17, 2025, the Law Department provided a sixth partial response that identified John Does 3 and 7 but indicated it was unable to identify John Does 4, 5, 6 and Jane Doe 1. The Law Department indicated it had exhausted all efforts after conducting an investigation into the allegations in the Complaint and supplemental letters provided by Plaintiff and reviewing preserved central booking surveillance video footage. Dkt. No. 37.

In <u>Valentin</u>, the Second Circuit established that a *pro se* litigant is entitled to assistance from the court in identifying defendants. <u>Lurch v. Doe Officers</u>, No 22 Civ. 2324 (VSB), 2022 WL 17617837, at *1 (S.D.N.Y. Dec. 13, 2022). A district court "may pursue any course that it deems appropriate" to assist a plaintiff in identifying unknown defendants. <u>Valentin v. Dinkins</u>, 131 F.3d 72, 76 (2d Cir. 1997). "This assistance, however, is not limitless, particularly in an action's initial stages." <u>Id.</u> Where a government agency has made reasonable, but unsuccessful efforts to identify unknown defendants, the court may order Plaintiff to proceed against a "John Doe" defendant. <u>Williams v. Does</u>, No. 07 Civ. 3018 (RJS), 2008 WL 4525393, at *2-3 (S.D.N.Y. Oct. 2, 2008). When some defendants are identified and others remain unknown, a plaintiff may identify the remaining unknown defendants through the pretrial discovery process. <u>Lurch</u>, 2022 WL 17617837, at *2.

---

[2] N.Y. Crim. Proc. § 160.50(1)(d).

3

Here, the Law Department has substantially complied with the Court's Valentin Order.  The Law Department filed six partial responses to the Valentin Order and identified seven individuals who were previously unknown to Plaintiff. Plaintiff filed an Amended Complaint on January 16, 2026 that named the Defendants identified pursuant to the Court's Valentin Order.  However, Plaintiff is permitted to file a Second Amended Complaint that includes both the named Defendants and the remaining John Does and Jane Doe because their identities may become known to Plaintiff throughout the discovery process.

If Plaintiff chooses to file a Second Amended Complaint, he must do so by **March 2, 2026.**

SO ORDERED.

DATED:   New York, New York
           January 30, 2026

JENNIFER E. WILLIS
United States Magistrate Judge