**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JAMARR FOWLER,

Plaintiff,

-against-

THE CITY OF NEW YORK., *et al.*,

Defendants.
---------------------------------------------------------------X

**ORDER**

**25-CV-01444 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On November 4, 2026, this Court held an Initial Case Management Conference ("ICMC") in the above-captioned case. Defendants submitted a Proposed Case Management Plan ("CMP") in advance of the conference at Dkt. No. 70. Plaintiff provided the Court with a copy of his Proposed CMP during the conference, which the Clerk of Court filed on his behalf shortly after. Dkt. No. 72.

As stated on the record, Defendants' Proposed CMP at Dkt. No. 70 is adopted in full, including all deadlines. A copy is included at the end of this order.

The plan allows 10 depositions per side. As the Court explained, if Parties believe more depositions are necessary as the case progresses, they should confer with each other and then raise the issue with the Court under my Individual Rules. These Rules can be found at this link: https://nysd.uscourts.gov/sites/default/files/practice_documents/JW%20Willis%20Individual%20Practices%20for%20Civil%20Cases.pdf.

Plaintiff is encouraged to review the Individual Rules, the SDNY Local Rules, and the Federal Rules of Civil Procedure to determine the procedures for conducting

depositions and alternative routes for discovery of information, such as Interrogatories and Requests for Production of documents.

Some filings in this case have been returned due to challenges with Plaintiff's address. See, e.g., Dkt. No. 69 and 71. As discussed during the conference, Plaintiff may choose to consent to electronic service, which would eliminate some of the challenges with mail delivery and lags between when the Court orders something and when Plaintiff receives it. Plaintiff received a copy of the *pro se* consent form for electronic service, also available here: https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Plaintiff may choose to file documents via email through the *pro se* inbox, ProSe@nysd.uscourts.gov.

During the conference, Plaintiff was made aware of the Federal *Pro Se* Legal Assistance Project, which can provide limited-scope services to *pro se* litigants and information about requesting pro bono counsel. Plaintiff was provided with the contact information for the clinic and escorted to the office following the conference, so that he could avail himself of their assistance if he wishes to do so.

Defendants are directed to order a copy of the transcript of this conference and provide a copy to the Court and to the Plaintiff.

SO ORDERED.

DATED: New York, New York
November 5, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge

*December 2025*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------X

JAMARR FOWLER,

Plaintiff,

against

CITY OF NEW YORK, et al.,

Defendant.

X

CIVIL ACTION NO.: 25 Civ. 01444 (RA) (JW)

**PROPOSED CASE MANAGEMENT PLAN FOR PRO SE CASE**

1. **Summary of Claims, Defenses, and Relevant Issues.**

Plaintiff/Defendant (circle one) [Defendant circled]

Plaintiff Jamarr Fowler brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest arising from his arrest on or about February 20, 2022, and excessive force arising from incidents occurring between February 24, 2022 and March 3, 2022, while Plaintiff was incarcerated at Central Booking and housed at Rikers Island. Defendants assert, *inter alia*, the defenses of probable cause, qualified immunity, and governmental immunity.

2. **I understand my obligation to and am preserving relevant information.**

Plaintiff/Defendant (circle one) [Defendant circled]

3. **Proposed Schedule**

All discovery should be completed by May 4, 2027

a. Depositions: Depositions shall be completed by May 4, 2027

b. Neither party may take more than 10 depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

c. Initial Requests for Documents must be made by December 4, 2026

d. Responses to Requests for Documents must be made by January 11, 2027.

e. Documents from third-parties (such as doctors) **will**/will not (circle one) be required. If required, the following are the third-parties from whom Documents will be requested.

Plaintiff's medical providers and/or treatment facilities concerning the injuries and medical treatment alleged in the Amended Complaint, subject to Plaintiff's execution of appropriate HIPAA release forms.

f. Subpoenas requesting Documents from third-parties must be served by March 5, 2027. Documents obtained from third-parties must be provided to all parties in this matter.

g. Privilege logs to describe the materials withheld on grounds of privilege will be provided by April 2, 2027

h. There will/**will not** (circle one) be expert testimony in this case. If expert testimony will be needed, please describe the topic on which the expert(s) is expected to testify

4. **Early Settlement or Resolution**

The parties have/**have not** (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than ____________________. The following information is needed before settlement can be discussed:

5. **Other Matters**

Plaintiff(s)/**Defendant(s)** (circle one) wish to discuss the following additional matters at the Initial Case Management Conference.

Recent mailings to Plaintiff have been returned as undeliverable, and Plaintiff has not provided an email address or telephone number on the docket through which Defendants may contact him.

Respectfully submitted this 28 day of 2026.

Inna Shapovalova

Name

100 Church Street, New York, NY 10007

Address

(212) 356-2656

Phone number

inshapov@law.nyc.gov

Email

Defendants

Party representing (if applicable)